UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN BURTON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CITY OF SPOKANE, *et al.*,<br><br>　　Defendants. | NO. CV-06-322-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

Before the Court is Plaintiff's Motion for a Protection Order (Ct. Rec. 102). The motion was heard without oral argument and on an expedited basis.

Plaintiff is seeking a protective order from Defendant's discovery requests that seek medical records, psychological records, and jail records. Plaintiff argues that the requested evidence is too remote in time and the prejudicial effect of the requested discovery outweighs the value of the inadmissible character evidence.

Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(c) provides that the Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Subsection (c) also states that any motion for protective order must include a certification that the party has in good faith conferred or attempted

**ORDER DENYING
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 1**

1 to confer with the other party in an effort to resolve the dispute without court
2 action. There is nothing in the record that indicates that the parties have conferred
3 prior to Plaintiff filing his Motion for a Protection Order.

4     Moreover, Plaintiff has not shown how the information sought would lead to
5 annoyance, embarrassment, oppression, or undue burden or expense. In lieu of
6 providing the requested information, Defendants are asking Plaintiff to sign a
7 release. Whether the information sought is ultimately admissible at trial has no
8 bearing on whether the requested discovery is relevant and discoverable.

9     Accordingly, **IT IS HEREBY ORDERED:**

10     1.    Plaintiff's Motion for a Protection Order (Ct. Rec. 102) is **DENIED**.

11     2.    Plaintiff's Motion to Expedite Hearing (Ct. Rec. 104) is **GRANTED**.

12     **IT IS SO ORDERED.** The District Court Executive is directed to enter this
13 Order and forward copies to counsel.

14     **DATED** this 20th day of June, 2008.

15                       *S/ Robert H. Whaley*

16
17               ROBERT H. WHALEY
              Chief United States District Judge

21 Q:\CIVIL\2006\Burton\prot.ord.wpd

**ORDER DENYING
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 2**