1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
7
8    JOHN BURTON,

9         Plaintiff,                      NO.  CV-06-322-RHW

10        v.
                                          **ORDER GRANTING MOTION**
11   CITY OF SPOKANE, *et al.*,            **FOR SUMMARY JUDGMENT /**
                                          **RECONSIDERATION**
12        Defendants.

13        Before the Court is the City Defendants' Motion for Summary Judgment /

14   Reconsideration and Leave to File Overlength Memorandum (Ct. Rec. 174).  A

15   hearing was held on the motion on March 2, 2009, in Spokane, Washington.

16   Plaintiffs were represented by Kenneth Kato and James Sweetser.  Defendants

17   were represented by Stephen Lamberson, Jennifer Underwood, and Christopher

18   Kerley.

19        On June 11, 2007, the Court granted Plaintiff's Motion for Summary

20   Judgment and denied Defendants' Motion to Dismiss (Ct. Rec. 67).  The Court

21   held that the search incident to arrest exception to the Fourth Amendment warrant

22   requirement did not justify the officers conducting a strip search of Plaintiff in the

23   field.  Notably, Defendant Bowman argued that reasonable suspicion is all that was

24   required to justify a strip search in the field and relied on the fact that the officers

25   had a search warrant to search the residence to justify his conduct (Ct. Rec. 28).

26   The Court held that the warrantless strip search conducted in the field was

27   unconstitutional and Defendant Bowman was not entitled to qualified immunity

28

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT /
RECONSIDERATION ~ 1**

(Ct. Rec. 67).

Plaintiff obtained new counsel and on January 17, 2008, filed an amended Complaint, naming additional Defendants and adding additional claims. On July 25, 2008, the Court granted Plaintiff's Motion to File a Second Amended Complaint (Ct. Rec. 144). The second Amended Complaint substituted correct names for certain parties and added additional claims (Ct. Rec. 155).

On December 5, 2008, the newly-named Defendants filed a Motion for Summary Judgment and Defendant Larry Bowman filed a Motion for Reconsideration of the Court's order granting summary judgment in favor of Plaintiff (Ct. Rec. 174).[1]  For the first time, Defendants argue there was a search warrant that authorized the strip search.[2]

## DISCUSSION

### I.    Whether a Valid Warrant Existed

Defendants argue that there was a valid search warrant to search Defendant and Washington law permits strip searches of individuals in cases where there is a valid search warrant to search an individual.  Defendants also argue that neither the City of Spokane, the Spokane Police Department or Defendant Roger Bragdon have a policy or custom of acting with deliberate indifference to the rights of any citizens and there is no evidence that Defendant Bragdon acted with "reckless, callous, and/or deliberate indifference" to the rights of Plaintiff or any other citizen with regard to any alleged strip search policy.

---

[1]Although the time has long passed for Defendant Bowman to file a Motion for Reconsideration of the Court's June, 2007 Order, the newly-named Defendants are not precluded from filing their Motion for Summary Judgment.

[2]In his motion for summary judgment, Plaintiff argued that the search warrant relied upon for his arrest authorized only the entry onto a residence and the detention of Plaintiff, and thus, it did not authorize a strip search.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT / RECONSIDERATION** ~ 2

In his response, Plaintiff does not challenge the existence of the warrant authorizing the search of the Plaintiff, nor does Plaintiff challenge the general principle under Washington law that a properly issued warrant to search a person for drugs also authorizes a strip search of that person. Instead, Plaintiff argues that the Court should conclude that Plaintiff was not searched pursuant to any warrant; rather he was strip searched incident to arrest, which, if true, would render the search unconstitutional under federal law. In support of his argument, Plaintiff relies on the fact that he was immediately placed into custody after entering the West Gardner residence. According to Plaintiff, if the search was based on the search warrant, he would have been searched first, and then arrested, or Defendant Bowman would have presented him with the warrant prior to executing the search. Plaintiff also argues that the failure to serve the warrant invalidates the search warrant. Finally, Plaintiff argues that the search warrant was not properly authorized.

None of these arguments establish that the strip search was not authorized pursuant to a valid search warrant. There existed two bases to search the Defendant: probable cause to arrest for a felony and a search warrant authorizing a strip search. There is nothing in the sequence of events that would invalid the search authorized by the search warrant. The Court rejects Plaintiff's arguments that he was strip-searched incident to arrest and, instead finds that Plaintiff's strip-searched was authorized pursuant to a valid search warrant.

## II. Whether the Individually-Named Defendants are Entitled to Qualified Immunity

Defendants argue that they are entitled to qualified immunity. Until recently, the process for determining whether a defendant was entitled to qualified immunity required district courts to engage in a two-step analysis. First, the court must decide whether the facts alleged by Plaintiff establish that his or her constitutional rights were violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT / RECONSIDERATION** ~ 3

Second, if the plaintiff has met this first step, the court must decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct.  *Id.*  The Supreme Court in *Saucier* required courts to complete the first step, namely, whether Plaintiff's constitutional rights were violated, prior to conducting the second step, namely, whether the right was clearly established.  *Id.*

In *Pearson v. Callahan*, the Supreme Court held that rather than impose an inflexible structure for determining qualified immunity, district courts have the discretion to decide the order of the steps, that is, the district courts are permitted to skip the first step and directly answer whether the right was clearly established without first determining whether a constitutional violation occurred.  129 S.Ct. 808, 822 (2009); *see also Rodis v. City and County of San Francisco*, 2009 WL 579510 (9th Cir. March 9, 2009).

Here, there are two separate analysis the Court must undertake to determine whether Defendants are entitled to qualified immunity–first, with respect to the decision to strip search Plaintiff and second, with respect to the manner in which the strip search was executed.

Under Washington law, a properly issued warrant to search a person for drugs authorizes a strip search of that person.  *See State v. Hampton*, 114 Wash. App. 486 (2002); *State v. Colin*, 61 Wash. App. 111 (1991).

In *Colin*, the court noted:

> The search warrant was executed for the express purpose of procuring controlled substances likely to be found on . . . the person described in the warrant. Such substances could be readily concealed on the person so that they would not be found without a strip search. The scope of the search, while more intrusive than a search of a person's outer garments, was justified by the State's interest in obtaining criminal evidence.

*Colin*, 61 Wash. App. at 115-16.

The *Hampton* court reasoned that when officers have obtained a lawful warrant to search a person for drugs, a neutral magistrate will have already made a

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT / RECONSIDERATION ~ 4**

determination that the person is probably possessing drugs under his or her clothing. *Hampton*, 114 Wash. App. at 493.

While the Court was unable to uncover any Supreme Court or Ninth Circuit case law that adopts the Washington court's reasoning that a properly issued warrant to search a person for drugs would authorize a strip search of that person, it conversely was unable to locate any federal case law that has held that a properly issued search warrant would not authorize a strip search of a person suspected of possessing drugs. Under the second prong of *Saucier*, this is enough to grant Defendants qualified immunity with respect to the decision to strip search Defendant in the field pursuant to the search warrant. Given the contours of Washington law and the lack of Ninth Circuit law addressing this specific issue, the Court cannot say it was clearly established that the decision to conduct the strip-search under the circumstances of this case would have violated Plaintiff's constitutional rights.

Even if the search warrant authorizes the strip search, the execution of the strip search must be reasonable. *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993) ("[T]he Fourth Amendment requires that any strip search be conducted in a reasonable manner, and accordingly that officers must respect arrestees' privacy interests."). The test of reasonableness requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it was conducted. *Id.* Whether an otherwise valid search or seizure was carried out in an unreasonable manner is determined under an objective test, on the basis of the facts and circumstances confronting the officers. *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994). Reasonableness must be determined "from the perspective of a reasonable officer

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT / RECONSIDERATION ~ 5**

on the scene." *Id.* at 877.  Factors the courts consider in determining reasonableness include: the severity of the crime, whether the person being detained poses an immediate threat, whether he is actively resisting or attempting to flee.  *Id.*  A detention conducted in connection with a search may be unreasonable under the Fourth Amendment if it is unnecessarily painful, degrading or prolonged or if it involves undue invasion of privacy.  *Id.* at 876.   Washington courts have held that the Fourth Amendment requires, at a minimum, that the warrant-authorized strip search be conducted in a reasonably private place, without unnecessary touching, by persons of the defendant's gender.  *Hampton*, 114 Wash. App. at 494.

For purposes of qualified immunity, then, it is clearly established that the execution of the strip search must be reasonable.  *Act Up!/Portland*, 988 F.2d at 872.  Consequently, the Court must answer the first question, whether Plaintiff's constitutional rights were violated by the manner in which the search warrant was executed.  The Court finds that they were not.

Here, Plaintiff submitted two Declarations in support of his motions for summary judgment.  In his first declaration filed on May 10, 2007, Plaintiff stated that the officers patted down his entire body, looked in his mouth and ears, then instructed him to remove his clothing (Ct. Rec. 64).  Once he was clothed in only his underwear, Detective Bowman ordered him to pull down his underwear and bend over.  Detective Bowman then examined his buttocks.

In his Declaration filed on February 10, 2009, Plaintiff stated that Detective Bowman unbuckled his pants and ordered him to take off his pants and underwear. Detective Bowman ordered him to bend over and spread his buttocks so he could examine his anus (Ct. Rec. 224).  His anus and testicles were exposed for inspection.  One of the officers present stated, "There is no crack in this crack."  At least four officers, one by one, inspected his anus.  One of the officers stated, "I wonder if he has ever been molested."  Plaintiff stated that a female officer was

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT / RECONSIDERATION ~ 6**

present during the strip search and observed his penis and testicles.

Defendants present a different picture.  In their Statement of Facts filed in support of their recent motion for summary judgment, Defendants made the following statements:

1.  Officer Michael McNab was the only other officer who participated in the search of [Plaintiff].

2.  The only female officer inside the residence at XXXX W. Gardner was Officer Traci Meidl.  She conducted a search of the residence with her K-9 partner, and did not witness or participate in the search of [Plaintiff].

(Ct. Rec. 165).[3]

In their Statement of Facts file in support of their first motion for summary judgment, Defendants made the following statements:

1.  [Plaintiff] was strip searched in a recessed area adjacent to the stairway of the home.  Officers placed themselves between [Plaintiff] and the living area to afford some privacy.

2.  Det. Bowman may have instructed [Plaintiff] to drop his drawers and bend over, so that he could externally examine his buttocks for hidden drugs.

3.  No drugs were found during the strip search.

4.  No "body cavity" search (i.e. into the anal orifice) was conducted of [Plaintiff].

(Ct. Rec. 29)

_____

[3]In her Declaration, Officer Meidl indicated that she was dispatched to the West Gardner residence with her K-9, where she searched the rooms of the residence.  She stated that she discovered some cocaine in the residence.  She stated that "[a]t no time did I ever witness any strip search of [Plaintiff] or any other person.  My sole responsibility was to use my K-9 to search for controlled substances and evidence." (Ct. Rec. 168).

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT / RECONSIDERATION ~ 7**

Notably, in Plaintiff's Statement of Facts submitted in opposition to Defendants' Motion for Summary Judgment, Plaintiff stated that he did not dispute Defendants' statement of facts incorporated by reference or contained in Ct. Rec. 165. Thus, when comparing Plaintiff's Declaration with his admission of Defendant's Statements of facts, Plaintiff has presented contradictory statements. For instance, in his Declaration, Plaintiff asserts that at least four officers participated in the strip search–yet he did not dispute Defendant's statement that there were only two officers who participated in the strip search. Likewise, Plaintiff asserts that a female officer was present during the strip search and had observed his testicles and anus–yet he did not challenge Defendants' evidence that the female officer did not witness or participate in the search. Generally, questions of fact, if properly presented to the court, are reserved for the jury. However, in this case the questions of facts were created by Plaintiff in a subsequently-filed Declaration. For this reason, Plaintiff's February 10, 2009 Declaration should not be considered.

Based on the record consisting of Defendant's Statement of Facts and Defendant's Declaration filed on May 10, 2007, there is nothing to suggest that the manner in which the strip search was executed was improper. As such, summary judgment in favor of the individually-named Defendants is appropriate because Plaintiff has not shown that his constitutional rights were violated.

Even if the Court were to consider Plaintiff's February 10, 2009 Declaration, the outcome would be the same. It is clear there was no touching involved during the search. Nor does Plaintiff suggest that the female officer participated in the search. Rather, based on the record, at most, it could be said that when completing her K-9 sweep of the residence, Officer Meidl may have walked by when the strip search was taking place. There is nothing in the record to suggest that any observation of the strip search, if it occurred, was anything but unintentional. Moreover, even though the alleged comments were inappropriate, the two

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT / RECONSIDERATION ~ 8**

statements, if made, do not rise to the level of a constitutional violation. The Court could find no cases that indicate that inappropriate comments during an otherwise authorized and reasonable  search violate the Constitution. *Cf. Larez v. City of Los Angeles*. 946 F.2d 630, 634 (9th Cir. 1991) (upholding jury verdict for unreasonable execution of search warrant where six officers entered home using "crisis entry," physically and verbally mistreated members of the family, laughing and sneering, ultimately breaking one of the plaintiff's nose and injuring knee and neck, both of which required surgery to repair, and ransacking home).

When viewing the facts in the light most favorable to Plaintiff, no reasonable jury could find that Defendant's constitutional rights were violated. Because Plaintiff has not established that his constitutional rights were violated because of the manner in which the strip search was executed,  Defendants Larry Bowman, Jeffrey Barrington, Michael Bahr, Thomas Hendren, Mike McNab, and Keith Cummings are entitled to qualified immunity for Plaintiff's Fourth Amendment claims.

**III.    Claims against City of Spokane and Spokane Police Department**

In his Second Amended complaint, Plaintiff alleges that the Spokane Police Department and the City of Spokane have subjected Plaintiff and other persons to a pattern of conducting unconstitutional field strip searches and that Defendants City of Spokane, Spokane Police Department and Roger Bragdon have demonstrated a deliberate indifference to known constitutional rights of the citizens of Spokane.

The underlying premise of Plaintiff's claims against the City of Spokane and Spokane Police Department is that Spokane police officers conduct warrantless strip searches in the field.  It is undisputed that this did not happen in Plaintiff's case.  Thus, Plaintiff does not have standing to assert these claims.  The claims asserted against the Spokane Police Department, the City of Spokane, and Roger Bragdon based on the policies and practices of warrentless strip searches are dismissed.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT / RECONSIDERATION ~ 9**

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants' Motion for Summary Judgment / Reconsideration (Ct. Rec. 174) is **GRANTED**.

2.    Defendant's Motion to Shorten Time Regarding Defeindants' Proposed Order of Protection (Ct. Rec. 213) is **DENIED**, as moot.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 18th day of March, 2009.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Court

Q:\CIVIL\2006\Burton\rhwgrantsj2.wps.wpd

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT / RECONSIDERATION ~ 10**