1

2

3

4

5                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
6

7    JOHN BURTON,

8          Plaintiff,                        NO.  CV-06-322-RHW

9          v.                                **ORDER DENYING MOTION TO
                                             VACATE JUDGMENT/ORDER**
10   CITY OF SPOKANE, *et al.,*

11         Defendants.

12

13         Before the Court is Plaintiff's Motion to Vacate Judgment/Order (Ct. Rec.

14   257).  The motion was heard without oral argument.

15         Plaintiff asks this Court to vacate the judgment issued in the above-

16   captioned based due to concealment of evidence and newly discovered evidence

17   not previously brought for the Court's consideration.  In his motion, Plaintiff cites

18   to Fed. R. Civ. P. 60(b)(2),(3).  Such a motion, however, must be filed within one

19   year of the judgment.  *See* Fed. R. Civ. P. 60(c)(1).  As such, Plaintiff's motion is

20   untimely.

21         Plaintiff also argues that his Sixth Amendment right to counsel was violated

22   and he was denied effective assistance of counsel, when his counsel failed to bring

23   to the Court's attention that Defendant Bowman had committed perjury when he

24   provided information in his Affidavit, which is the basis of Plaintiff's current

25   Motion to Vacate Judgment.  Plaintiff does not have a Sixth Amendment right to

26   effective assistance of counsel in a civil matter seeking money damages from state

27   officials.  *See United States v. $292,888 in U.S. Currency*, 54 F.3d 564, 569 (9th

28   Cir. 1995).  Even so, it is recognized that gross attorney negligence can be a basis

**ORDER DENYING MOTION TO VACATE JUDGMENT/ORDER ~ 1**

1  for relief under Rule 60(b)(6).  *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169

2  (9th Cir. 2002).  A motion made under Rule 60(b)(6) must be made within a

3  reasonable time.  Fed. R. Civ. P. 60(c)(1).

4          Here, it appears that Plaintiff is relying on testimony given by Defendant

5  Bowman in the criminal proceeding in state court.  There are no dates provided as

6  to when this testimony was given.  In reviewing the record, it appears that Plaintiff

7  was convicted of delivery of a controlled substance prior to the filing of his civil

8  action, and thus, the testimony of Defendant Bowman at issue would have been

9  given prior to the filing of the civil action.  Even if the Court were to believe

10  Plaintiff that Defendant Bowman perjured himself, this evidence was not newly

11  discovered evidence that could not have been discovered with reasonable diligence

12  at the time the civil action was filed, or at the latest, prior to when judgment was

13  entered in this case.

14          Plaintiff's Motion to Vacate is untimely and not made within a reasonable

15  time.  In addition, Plaintiff has failed to show that his attorney's conduct in

16  connection with his case constituted an extraordinary circumstance beyond his

17  control.  As such, Rule 60 relief is not appropriate.  *See Karraker v. Rent-A-Center,*

18  *Inc.*, 411 F.3d 821, 837 (7th Cir. 2005) ("Rule 60(b)(6) . . . is not an appropriate

19  place to slip in arguments that should have been made earlier.").

20          Accordingly, **IT IS HEREBY ORDERED**:

21          1.    Plaintiff's Motion to Vacate Judgment/Order (Ct. Rec. 257) is **DENIED**.

22          **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

23  Order, forward copies to counsel, and **close the file**.

24          **DATED** this 4th  day of March, 2011.

25

26                    *s/Robert H. Whaley*

27                    ROBERT H. WHALEY
                      United States District Judge

28

Q:\CIVIL\2006\Burton\denyvacate.wpd

**ORDER DENYING MOTION TO VACATE JUDGMENT/ORDER** ~ 2