FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 19, 2026

SEAN F. MCAVOY, CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JOHN BURTON,<br><br>Plaintiff,<br><br>vs.<br><br>SPOKANE POLICE DEPARTMENT (SPD) Uniformed Public Safety Division; et al.,<br><br>Defendants. | No. 2:06-CV-00322-RHW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE<br><br>ECF No. 310 |

Before the Court is Plaintiff's "Emergency Motion for Independent Action to Vacate Void Orders for Structural Fraud Upon the Court Pursuant to U.S. Statutes and Case Law." ECF No. 310. Plaintiff is a former state prisoner currently out of custody and proceeding *pro se.* The motion is heard without oral argument on expedited basis and without the need for response briefing.

This 42 U.S.C. § 1983 action was dismissed on summary judgment more than seventeen years ago on March 18, 2009. *See* ECF No. 236. On appeal, the dismissal was affirmed. ECF No. 252. In 2011, Plaintiff's *pro se* motion to vacate

was dismissed as untimely because it was filed almost two years after entry of judgment and for failure to show extraordinary circumstances. ECF No. 264. In 2012, the denial of the motion to vacate was affirmed on appeal. ECF No. 281. In 2012, Plaintiff filed a second motion to vacate, which was likewise denied as untimely and affirmed on appeal. ECF Nos. 287, 305.

Plaintiff's third motion to vacate before the Court likewise seeks to void the judgment under Federal Rule of Civil Procedure 60(b)(4). ECF No. 310 at 1. Plaintiff claims this Court acted without jurisdiction and in violation of due process of law because his former counsel committed "structural fraud upon the court"[1] by 1) failing to have a lawful retainer; 2) representing Plaintiff while engaged in service as a judge pro tem; 3) concealing records; 4) acting in collusion with the court clerk and defense counsel to ignore conflicts; and 5) engaging in "post-dismissal docket manipulation and retroactive authentication." ECF No. 310 at 1-2.

---

[1] The Court notes that in 2009 and 2011, Plaintiff filed civil complaints against former counsel, both of which were dismissed prior to service. *See Burton v. Kato,* E.D. Wash. Cause No. 2:09-CV-00291-CI; *Burton v. Sweeter*, E.D. Wash. Cause No. 2:11-cv-00071-LRS.

Federal Rule of Civil Procedure 60(b) provides relief from judgment where there was (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b)(4) governs requests for relief from allegedly void judgments. *Coney Island Auto Parts Unlimited, Inc. v. Burton*, 607 U.S. 155, 582-83 (2026). Rule 60(b)(6)'s catch-all provision "provides only grounds for relief not already covered by the preceding five paragraphs" and can only be applied in "narrow" "extraordinary circumstances.' " *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211, 212 (2025). Rule 60(b)(4) motions and Rule 60(b)(6) motions must be brought within a "reasonable time." Fed. R. Civ. P. 60(c)(1); *Coney Island Auto Parts*, 607 U.S. at 583-85 ("[W]e cannot divine any principle requiring courts to keep their doors perpetually open to allegations of voidness. Giving a party a 'reasonable' time to seek relief from an allegedly void judgment may well be all that due process demands.").

Plaintiff's motion has not been brought within a reasonable time as he filed the instant motion seventeen years after entry of judgment and thirteen years after the Ninth Circuit affirmed Plaintiff's last appeal. Plaintiff's motion is untimely and no extraordinary circumstances exist.

///

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion to Vacate, **ECF No. 310**, is **DENIED**. No motions for reconsideration, rehearing, or clarification will be entertained. This Order is the Court's final Order. This matter shall remain **CLOSED**.

2. The Clerk of the Court shall update Plaintiff's mailing address on the docket sheet according to the address on the envelope at ECF No. 310-2.

The District Court Executive is directed to enter this Order, provide copies to counsel, mail a copy to Plaintiff's most recent address (at ECF No. 310-2), and furnish courtesy copies to terminated attorneys James Sweetser and Kenneth Kato.

DATED October 19, 2026.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge